```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| DONA L. WRIGHT, : | |
|     Plaintiff | |
| : | |
| vs. : | CIVIL NO. 1:CV-06-1237 |
| : | |
| FISAGAS d/b/a 201 NORTH | |
| SECOND STREET, INC., : | |
| MARIE MAGARO, ANTHONY MAGARO, | |
|     Defendants : | |

*M E M O R A N D U M*

       This case involves a claim based upon the American With Disabilities Act.

       We are considering the motion of Marie Magaro, filed September 25, 2007 (doc. 17), to lift the default entered against her by the Clerk of Court on September 14, 2007. The motion and an affidavit attached to her brief recite that upon being served with the complaint in February 2007, she was assured by her son, co-defendant Anthony Magaro, who was an officer of plaintiff's employer, defendant Fisagas, Inc., that counsel for the company would protect her interests.[1] She heard nothing more until the default was entered.

       We believe the default should be lifted. Magaro alleges in her affidavit that she has no individual liability to plaintiff and that she, personally, would have continued to

---

[1] Plaintiff contends that Marie and Anthony Magaro also qualify as her "employers" under the ADA.

employ plaintiff.  Although Magaro may have been an employee and shareholder of stock in Fisagas, Inc., her managerial status, if any, is not clear.[2]

The Third Circuit Court of Appeals does not favor the entry of defaults or default judgments, and prefers that cases be decided on their merits.  In considering whether a default should be lifted we must consider (1) whether the plaintiff would be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of the defendant's culpable conduct.  U.S. v. $55,518.05 in U. S. Currency, 728 F.2d 192 (1984).

Except for a delay of several months there is little, if any, prejudice to the plaintiff if the default is lifted.  The defendant has alleged a meritorious defense, and it cannot be said the default resulted from her culpable conduct.  While she may have been somewhat naive and trusting in relying on her son to protect her legal interests it does not appear she was guilty of culpable conduct.

Under all the circumstances before the court we conclude Marie Magaro should have an opportunity to present a defense.

---

[2]We express no opinion on whether there can be personal liability under the ADA in the circumstances of this case.

An appropriate order will be entered.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: November 14, 2007

```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DONA L. WRIGHT,                      :
      Plaintiff
                            :

                            :
      vs.                            CIVIL NO. 1:CV-06-1237
                            :
FISAGAS d/b/a 201 NORTH
SECOND STREET, INC.,                 :
MARIE MAGARO, ANTHONY MAGARO,
      Defendants             :

*O R D E R*

      AND NOW, this 14th day of November, 2007, it is Ordered as follows:

      1.  The default entered on September 14, 2007, is stricken.

      2.  Defendant Marie Magaro shall respond to the complaint within fifteen (15) days.

                                   <u>/s/William W. Caldwell</u>
                                     William W. Caldwell
                                     United States District Judge